# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION
### www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **LIBERTY POWER HOLDINGS, LLC,** | No. 21-13797-SMG |
| **LPT, LLC,** | No. 21-15537-SMG |
| **LIBERTY POWER MARYLAND, LLC,** | No. 21-15539-SMG |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC,** | No. 21-15540-SMG |
| **Debtors.** _____/ | (Jointly administered No. 21-13797-SMG) |

## SAMUEL KATZ'S JURY DEMAND AND
## MOTION TO WITHDRAW THE REFERENCE

Plaintiff Samuel Katz ("Plaintiff" or "Katz"), by and through counsel, files this Jury Demand and Motion to Withdraw the Reference in connection with his response to Debtor Liberty Power Holdings, LLC's ("Debtor") objection ("Objection") to Proof of Claim No. 44 filed in Case No. 21-13797 under 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, Local Rule 5011-1, and Southern District of Florida Local Rule 87.3. In support thereof, Katz states as follow:

1. **Katz's Claim**: On March 16, 2018, Katz filed a Class Action Complaint and Jury Demand in the case captioned *Katz v. Liberty Power Corp., LLC*, No. 1:18-cv-10506, in the United States District Court, District of Massachusetts (Case) (the "District Court Action"), which alleged Debtor and others violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. On April 20, 2021, Debtor filed for bankruptcy under Chapter 11. (ECF No. 1.) On June 28, 2021, Katz filed his Claim, which incorporated Form 410, a summary of the records

of Debtor's telemarketing calls which violated different provisions of the TCPA, a tally of the TCPA violations identified in the summary and the corresponding calculation of statutory damages, and a copy of Katz's operative complaint. The court in the District Court Action previously held Katz's operative complaint was sufficient to allege a claim against Debtor. *See Katz v. Liberty Power Corp., LLC*, No. 18-10506, 2019 WL 4645524 (D. Mass. Sept. 24, 2019) (denying motions to dismiss and for summary judgment).

3. **Debtor's Objection**: On June 1, 2023, the Debtor filed its Objection to the Claim. (ECF No. 918.) The Objection's sole basis for objecting is that "the Claim is speculative, excessive, unsubstantiated and without merit." (ECF No. 914 ¶5.)

4. **Katz's Jury Demand**: Both Katz's District Court Action complaint and the Claim include a demand for a jury trial. Katz previously made a separate jury demand in this Court on May 28, 2021. (ECF No. 160.)

5. For the avoidance of any doubt, Katz reiterates his jury demand here. Pursuant to the Seventh Amendment, Federal Rule of Civil Procedure 38(b), Federal Rule of Bankruptcy Procedure 9015, and Local Rule 9015-1, Katz hereby demands a trial by jury of all issues so triable with respect to their claims against Debtor, and/or which may otherwise arise in this proceeding or any other. To the full extent of the law, Katz demands that a federal district court make any final judgments on any matter encompassed by this jury demand, after a jury trial. *See Stern v. Marshall*, 564 U.S. 462 (2011); *In re Aurora Cap., Inc.*, No. 12-61421, 2013 WL 2156821 (S.D. Fla. May 17, 2013) (bankruptcy court does not have jurisdiction to enter final judgment outside core proceedings).

6. Katz seeks money damages on their TCPA claims, and is entitled to a jury trial

under the Seventh Amendment.[1] The Seventh Amendment "applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989) (citation omitted). Hence, the Seventh Amendment applies to Plaintiffs' TCPA claims. "The TCPA codifies the application of a long-recognized common law tort of invasion of privacy [] for a particularly intrusive type of unwanted conduct: unauthorized 'robocalls.'" *LaVigne v. First Cmty. Bancshares, Inc.*, 215 F. Supp. 3d 1138, 1147 (D.N.M. 2016).[2]

7. **Motion to Withdraw the Reference:** Plaintiffs contemporaneously move to withdraw the district court's reference to this Court with respect to the resolution and liquidation of Katz's Claim, including the Objection. *See* 28 U.S.C. § 157(d); Fed. R. Bankr. P. 5011; Local Rule 5011-1.

8. This Court lacks jurisdiction to resolve Katz's jury trial claims under the TCPA.[3] The Bankruptcy Code excludes "liquidation or estimation of contingent or unliquidated personal injury tort . . . for purposes of distribution" from the Court's core jurisdiction. 28 U.S.C. §

---

[1] *Walton v. First Merch.'s Bank*, 820 F. App'x 450, 455 (7th Cir. 2020) ("statutory damages under § 227(b)(3) of the TCPA[] [are] the type of legal remedy for which a jury trial is ordinarily available"). *See also Newton v. Wells Fargo Bank N.A.*, No. 13-1017, 2013 WL 5854520, *1 (M.D. Fla. Oct. 30, 2013) ("there is no dispute that Plaintiff would be entitled to a jury trial on his claims for violations of the TCPA" but for waiver).

[2] *See Mey v. Got Warranty, Inc.*, 193 F. Supp. 3d 641, 645 (N.D.W. Va. 2016) ("the TCPA can be seen as merely liberalizing and codifying the application of [the] common law tort [of intrusion upon seclusion] to a particularly intrusive type of unwanted telephone call," followed and quoted by *Abante Rooter & Plumbing, Inc. v. Pivotal Payments, Inc.*, No. 16-05486, 2017 WL 733123, *7 (N.D. Cal. Feb. 24, 2017)).

[3] "Not every claim filing triggers the bankruptcy court's equitable jurisdiction and defeats the . . . right to a jury trial." *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 597 B.R. 466, 476 (Bankr. S.D.N.Y. 2019) (quoting *In re CBI Holding Co., Inc.*, 529 F.3d 432, 466 (2d Cir. 2008) ("[F]iling a proof of claim is a necessary but not sufficient condition to forfeiting a creditor's right to a jury trial")).

157(b)(2).[4] Section 157(b)(2) excludes tort claims for intangible, non-pecuniary injuries.[5]

> The term "personal injury tort" embraces a broad category of private or civil wrongs or injuries for which a court provides a remedy in the form of an action for damages, and includes . . . any invasion of personal rights, such as libel, slander and mental suffering . . . § 157(b)[] encompass[es] federal and state causes of action for all personal injury tort claims . . .

*In re Boyer*, 93 B.R. 313, 317-18 (Bankr. N.D.N.Y. 1988) (citations omitted, predecessor version of 28 U.S.C. § 157). Plaintiffs' TCPA claims are statutory codifications of common law invasion of privacy torts, and readily fit within § 157(b)(2).[6]

9. Beyond the limitations of the Court's jurisdiction under § 157(b)(2), the district court has grounds to withdraw the reference. The district court "shall . . . withdraw a proceeding if [it] requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce." 28 U.S.C. § 157(d). Section 157(d)'s mandatory withdrawal provision applies "'when complicated interpretive issues, often of first impression, have been raised under non-Title 11 federal laws, or when there is a conflict between

---

[4] 28 U.S.C. § 1411(a) (Bankruptcy Code does "not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury . . . claim"). *See Granfinanciera*, 492 U.S. at 51-52 (Congress "lacks the power to strip parties contesting matters of private right of their constitutional right to a trial by jury").

[5] *See In re Scott*, No. 08-13340, 2009 WL 3294847, *2 (Bankr. N.D. Miss. Oct. 13, 2009) (bankruptcy "court lack[ed] jurisdiction to decide personal injury tort claims" such as "invasion of privacy," collecting cases); *Control Ctr., LLC v. Lauer*, 288 B.R. 269, 286 (M.D. Fla. 2002) ("Defamation is a personal injury tort . . . since bankruptcy courts are prohibited from trying actions involving personal injury torts [claim for] defamation was never subjected to the bankruptcy court's equitable claims-allowance process."); *In re Thomas*, 211 B.R. 838, 841-42 (Bankr. D.S.C. 1997) ("gravamen of the State Court complaints in this proceeding is emotional distress and fits within the definition of personal injury tort for purposes of § 157(b)(5)"); *In re Gary Brew Enters. Ltd.*, 198 B.R. 616, 620 (Bankr. S.D. Cal. 1996) ("term 'personal injury tort' action in § 157(b)(2)(B) is the same personal injury tort involved in civil rights actions"); *In re Schepps Food Stores, Inc.*, 169 B.R. 374, 376 (Bankr. S.D. Tex. 1994) (bankruptcy court lacked jurisdiction to enter summary judgment on tort claims, including common law invasion of privacy claim, under 28 U.S.C. § 157(b)(2)).

[6] *See LaVigne*, 215 F. Supp. 3d at 1147 ("TCPA codifies . . . common law tort of invasion of privacy [and] the tort of nuisance as well . . . for a particularly intrusive type of unwanted conduct: unauthorized 'robocalls'"); *Mey v. Got Warranty, Inc.*, 193 F. Supp. 3d 641, 645 (N.D.W. Va. 2016) ("TCPA . . . codif[ies] common law tort [of intrusion upon seclusion] to a particularly intrusive type of unwanted telephone call," followed and quoted by *Abante Rooter & Plumbing, Inc. v. Pivotal Payments, Inc.*, No. 16-05486, 2017 WL 733123, *7 (N.D. Cal. Feb. 24, 2017)).

the bankruptcy and other federal law.'" *BankUnited Fin. Corp. v. FDIC*, 436 B.R. 216, 220 (S.D. Fla. 2010) (citation omitted). The claims in the District Court Action involve protracted litigation over the scope of the TCPA. Conversely, the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Notably, "'a demand for a jury trial in a non-core case can, in itself, provide sufficient cause to withdraw the reference.'" *NBV Loan Acquisition, LLC v. Lexi Dev. Co., Inc.*, No. 19-20188, 2019 WL 266404, *1 (S.D. Fla. Jan. 18, 2019) (quoting *In re Aurora*, 2013 WL 2156821, at *2).[7] "Withdrawal may also be necessitated by a jury demand. . . . To fail to withdraw the reference could cause a violation of either the Seventh Amendment or the bankruptcy code[.]" *Veys v. Riske*, No. 07-5625, 2007 WL 4246172, *2 (W.D. Wash. Nov. 28, 2007).

I hereby certify I contacted Debtors' counsel on June 22, 2023 to meet and confer on whether Debtor would consent to a motion to withdraw the reference with respect to Plaintiffs' jury demand. *Cf.* Local Rule 9073-1(D). Debtor's counsel never responded.

I hereby certify that the undersigned attorney is appearing pro hac vice in this matter pursuant to court order May 21, 2021. (ECF No. 135.) *Cf.* Local Rule 9011-4(B)(2).

Dated: June 30, 2023   By:       s/Ethan Preston
                                                  Ethan Preston
                                                ep@eplaw.us
                                                **PRESTON LAW OFFICES**
                                                4054 McKinney Avenue, Suite 310
                                                Dallas, Texas 75204
                                                Telephone: (972) 564-8340
                                                Facsimile: (866) 509-1197

---

[7] *See also In re Fundamental Long Term Care, Inc.*, No. 11-22258, 2014 WL 4452711, *3 (M.D. Fla. Sept. 9, 2014) (same); *In re Advanced Telecomm. Network, Inc.*, No. 13-700, 2014 WL 2528844, *2 (M.D. Fla. June 4, 2014) (same); *In re Palm Beach Fin. Partners, L.P.*, No. 13-80101, 2013 WL 2035453, *1 (S.D. Fla. May 14, 2013) (same).

*Attorneys for Plaintiff Samuel Katz, on his own behalf, and behalf of all others similarly situated*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the date below, by electronic transmission through the Court's CM/ECF system upon all parties listed on the CM/ECF Service List and who receives a Notice of Electronic Filing for this document, as well as to Heather L. Harmon, Venable LLP, 100 Southeast Second Street, 44th Floor, Miami, Florida 33131, hlharmon@venable.com.

Dated: June 30, 2023     By:     s/Ethan Preston
                                  Ethan Preston
                                  ep@eplaw.us
                                  **PRESTON LAW OFFICES**
                                  4054 McKinney Avenue, Suite 310
                                  Dallas, Texas 75204
                                  Telephone: (972) 564-8340
                                  Facsimile: (866) 509-1197

*Attorneys for Plaintiff Samuel Katz, on his own behalf, and behalf of all others similarly situated*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **LIBERTY POWER HOLDINGS, LLC,** | No. 21-13797-SMG |
| **LPT, LLC,** | No. 21-15537-SMG |
| **LIBERTY POWER MARYLAND, LLC,** | No. 21-15539-SMG |
| **LIBERTY POWER DISTRICT OF COLUMBIA, LLC,** | No. 21-15540-SMG |
| **Debtors.** _____/ | (Jointly administered No. 21-13797-SMG) |

### SAMUEL KATZ'S LOCAL RULE 5011-1(B)(1) DESIGNATION OF RECORD

Plaintiff Samuel Katz ("Plaintiff") designate the following portions of the record from the case numbered No. 21-13797-SMG to be certified and sent to the clerk of the District Court: Katz's Claim No. 44, ECF Nos. 1, 160, 186, 187, 189, 190, 191, 204, 222, 238, 239, 918, as well as Katz's Response to Debtor's Objection, Katz's Jury Demand and Motion to Withdraw the Reference, and this Local Rule 5011-1(B)(1) Designation.

I hereby certify that the undersigned attorney is appearing pro hac vice in this matter pursuant to court order May 21, 2021. (ECF No. 135.) *Cf.* Local Rule 9011-4(B)(2).

Dated: June 30, 2023    By:    s/Ethan Preston
                        Ethan Preston
                        ep@eplaw.us
                        **PRESTON LAW OFFICES**
                        4054 McKinney Avenue, Suite 310
                        Dallas, Texas 75204
                        Telephone: (972) 564-8340
                        Facsimile: (866) 509-1197

                        *Attorneys for Plaintiff Samuel Katz, on his own behalf, and behalf of all others similarly situated*

Designation of Record for Motion to Withdraw    1    No. 21-13797-SMG

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the date below, by electronic transmission through the Court's CM/ECF system upon all parties listed on the CM/ECF Service List and who receives a Notice of Electronic Filing for this document, as well as to Heather L. Harmon, Venable LLP, 100 Southeast Second Street, 44th Floor, Miami, Florida 33131, hlharmon@venable.com.

Dated: June 30, 2023        By:    s/Ethan Preston
                                                  Ethan Preston
                                                  ep@eplaw.us
                                                  **PRESTON LAW OFFICES**
                                                  4054 McKinney Avenue, Suite 310
                                                  Dallas, Texas 75204
                                                  Telephone: (972) 564-8340
                                                  Facsimile: (866) 509-1197

                                                  *Attorneys for Plaintiff Samuel Katz, on his own behalf, and behalf of all others similarly situated*